**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-4022**

———————

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

TIMOTHY WAYNE MARTIN,

                                        Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  N. Carlton Tilley, Jr., Chief District Judge.  (CR-04-246)

———————

Submitted:  August 31, 2005            Decided:  November 3, 2005

———————

Before NIEMEYER, WILLIAMS, and KING, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Louis C. Allen, III, Federal Public Defender, John A. Dusenbury, Jr., Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Lisa B. Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Timothy Wayne Martin appeals his jury conviction and resulting fifty-seven month sentence for possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1), 924(a)(2) (2000). He contends that the district court erred by failing to exclude evidence under Rule 403 of the theft and possession of a pistol, which was not charged in the indictment, and by admitting evidence that he stated he would have stolen two additional firearms had he known about them.[*] We affirm Martin's conviction and sentence.

This court reviews a district court's admission of evidence for an abuse of discretion. See United States v. Stitt, 250 F.3d 878, 888 (4th Cir. 2001). Rule 403 provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Under Rule 403, "[p]rejudice . . . refers to evidence that has an 'undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'" United States v. Queen, 132 F.3d 991, 994 (4th Cir. 1997) (quoting Fed. R. Evid. 403 advisory committee's note); see United States v. Van Metre, 150 F.3d 339, 351 (4th Cir. 1998) (interpreting Rule 403

_____

[*]Martin concedes the evidence is not excludable under Fed. R. Civ. P. 404(b).

to require exclusion of evidence only in those instances where the trial judge believes "'that there is a genuine risk that the emotions of the jury will be excited to irrational behavior, and that this risk is disproportionate to the probative value of the offered evidence'") (quoting United States v. Powers, 59 F.3d 1460, 1467 (4th Cir. 1995)).

After thoroughly reviewing the record, we conclude the theft of the pistol was inextricably intertwined with the theft of the shotgun. United States v. Kennedy, 32 F.3d 876, 886 (4th Cir. 1994) (evidence was necessary to complete the story of the crime). Moreover, Martin's statements concerning the guns are evidence that he possessed the shotgun. We further conclude the admitted evidence was not unfairly prejudicial. We find the district court did not abuse its discretion, and note that in light of the overwhelming evidence of Martin's guilt, any error in the admission of the evidence was harmless. See United States v. Ince, 21 F.3d 576 (4th Cir. 1994); United States v. Grooms, 2 F.3d 85, 89 (4th Cir. 1993).

Accordingly, we affirm Martin's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED